RAY P. REEVES V. STATE.

No. 24211. February 2, 1949.

E. T. Miller, and W. F. Nix, Amarillo, for appellant.

Ernest S. Goens, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Aggravated assault is the offense; the punishment, a fine of $150.

The sufficiency of the evidence to support the conviction is challenged.

The sheriff appealed to the district supervisor of the liquor control board that inspectors of the liquor board be sent into his county to assist in enforcing the liquor laws of that county. Pursuant to this request, appellant and one Money, each an inspector for the liquor control board, were assigned to that work.

They reported to the sheriff who apprised them that he suspected a certain person of bootlegging and that he did not know who the person was but that he was reported to drive a certain automobile, the license number of which he gave to the inspectors. With this information, the two inspectors separated. Appellant went into a pool hall; Money, to a cafe nearby.

As Money entered the cafe he was recognized by one Spruill, who began to curse him and accuse him of having "framed" him. This precipitated a fight; the parties fought through the door and onto the sidewalk.

Appellant saw the fighting and, believing his partner, Money, was in trouble or was attempting to make an arrest, went to Money's aid and struck Spruill over the head with a pistol.

Muir, the injured party in this case, and Spruill's employer, saw the appellant strike Spruill. He ordered appellant to put up his gun and quit hitting Spruill. As to what then happened, we quote from Muir's testimony upon direct examination, as follows:

"As I said, when I first ran out there, Mr. Reeves was hitting Glen Spruill over the hear with a pistol. When I ran up to him I told him to put his gun up, and then he began to back up; I never did get closer than three or four or five feet from him. I was walking towards him; wasn't running. As well as I remember, he told me to stop, but that is all he said. When he told me to stop, I did stop for a second, and then I went on. He shot me in the right knee; went under the skin on my left leg, above the knee. I don't know whether I cursed him before he shot me, or not,—however, I would say that I did, yes; I can't recall what I said but I imagine I was cursing, all right."

Upon cross-examination, he testified:

"When I went toward him, I wanted him to put his gun up. I was not willing to fight him, but was following him so he

would put up his gun, or try to get it away from him before he killed somebody. I would say he backed up ten or twelve feet. I was not cursing him all the time, but I might have been doing a pretty good job with what words I did use. I do not recall, but I might have called him anything at the time; I probably called him a bastard, or son of a bitch, something like that, and he kept backing up for a short ways, and I kept following him . . ."

The testimony of the state's witness Curnutt, as also that of appellant, corroborates the testimony of Muir as to the fact that he (Muir) was advancing upon appellant and cursing him and appellant was retreating when the shot was fired.

Muir denied that he knew appellant was a peace officer until after the difficulty had ended, when appellant so advised him.

In testing the sufficiency of the evidence we do so upon Muir's testimony, alone.

Under the provisions of Art. 666-7b, Vernon's P. C., inspectors of the liquor control board are peace officers. It was appellant's duty, then, to stop the fight. It was equally Muir's right to aid his friend against what he thought was an unprovoked assault by the appellant. But Muir did not stop with that, for, after appellant had ceased the attack on Spruill and was backing away, Muir continued to advance upon appellant and to curse him and, notwithstanding appellant's telling him to stop, continued to advance upon him.

The conclusion is reached that Muir, by his own testimony, shows that the injury inflicted upon him was while he (Muir) was advancing toward and cursing the appellant.

We are unwilling, under the circumstances, to affirm the conviction.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.